IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF
AMERICA,

      Plaintiff,

v.                                                                                         No. 06-20129-B

BILLY BROWN,

      Defendant.

_____

ORDER DENYING WITHOUT PREJUDICE THE DEFENDANT'S "PETITION TO
CHALLENGE CONSTITUTIONAL VALIDITY OF ALL EVIDENCE AND CRIMINAL
HISTORY TO BE USED AT TRIAL/SENTENCING"
_____

On May 30, 2007, the Defendant, who is represented by counsel from the Federal Public Defender's Office, filed, pro se, a "Petition to Challenge Constitutional Validity of all Evidence and Criminal History to be used at Trial/Sentencing." However, a litigant who is represented by counsel has no constitutional right to demand that the Court also consider pro se arguments, pleadings or motions. See United States v. Edwards, 101 F.3d 17, 19 (2d Cir. 1996); Ennis v. LeFevre, 560 F.2d 1072, 1075 (2d Cir. 1977); cf. Burgs v. Johnson County, Iowa, 79 F.3d 701, 702 (8th Cir. 1996) (holding that prisoner represented in civil case by counsel could not rely on the filing by mail rules of Houston v. Lack, 487 U.S. 266 (1988), applicable to pro se inmates). Furthermore, 28 U.S.C. § 1654, the statute governing the manner in which parties may appear in federal court, is specifically phrased in the disjunctive: "the parties may plead and conduct their own cases personally or by counsel . . . ." Accordingly, Plaintiff shall, while represented by counsel, file no further documents of any sort except through his attorney.

IT IS SO ORDERED this 5th day of June, 2007.

                            s/ J. DANIEL BREEN
                            UNITED STATES DISTRICT JUDGE